### In re LITTLE ELK LOGGING CO.

(District Court, W. D. Washington, N. D.   October 15, 1914.)

No. 5279.

BANKRUPTCY (§ 350*)—CLAIMS—LABORER'S LIEN—PRIORITY.

   Rem. & Bal. Code Wash. § 1162, provides that every person performing labor on, or who shall assist in obtaining or securing, sawlogs, shall have a lien on the same for the work or labor done, whether such work was done at the instance of the owner or his agent. *Held* that, where claimant sold certain land to a bankrupt, payable $1,000 cash and the balance at the rate of $2 per thousand stumpage on the timber on the land as removed, retaining title to the premises, timber, and logs removed therefrom until payment, claimant, by permitting the bankrupt to cut and remove the timber, made the bankrupt its agent for that purpose, and hence the lien reserved for laborers performing such work was prior to that acquired by claimant on the logs cut and removed from the land under its reservation.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Little Elk Logging Company, a corporation. On petition to review a referee's order refusing to sustain the alleged priority of a claimant's lien over the liens of laborers. Affirmed.

Alexander & Bundy, of Seattle, Wash., for petitioner.

M. J. McGuinness, of Snohomish, Wash., for respondents.

NETERER, District Judge. The Brown Bros. Lumber Company sold to the Little Elk Logging Company, the S. E. ¼ of the S. E. ¼ of section 9, township 27 N., range 6 E. W. M., for $4,250, of which was paid in cash $1,000, and the balance was to be paid at the rate of $2 per thousand stumpage on the timber upon said land as the same was removed. The total amount to be paid before December 31, 1914. Time is made the essence of the contract, and on default all payments made to be forfeited, and the purchaser to, have no further interest in the land. It was further provided:

"That until payment of the full purchase price the title to said premises and said timber and logs removed therefrom shall remain in the first party, subject only to the right of the party of the second part to cut and remove the timber and sell the logs in the ordinary course of business," etc.

One hundred and forty-eight thousand three hundred and ninety feet of timber was cut and taken from the land, which has not been

paid for. Liens were filed by laborers, aggregating $1,716.44. A receiver was appointed by the state court, and under the court's order the logs were sold. Bankruptcy proceedings were then instituted, and after the election of a trustee the Brown Bros. Lumber Company filed a petition, asking that the title to the logs be adjudged in it, and the money received from a sale of the logs be paid upon its preferred claim, and the balance upon its account be allowed as a general claim against the estate. The referee allowed the claim as a general claim, and held the lien claims of the laborers to be prior, and directed the payment of the proceeds of the sale of the logs to the lien claims, less expenses of the trustee in making the sale, and that any deficit be allowed as a general claim against the estate. The matter is brought to this court on a petition for review.

It is contended by the Brown Bros. Lumber Company that the reservation of title in the contract of sale saves to the grantor the title to the timber until it is paid as stipulated in the contract. Section 1162, Rem. & Bal. Code of Washington, provides that:

"Every person performing labor upon, or who shall assist in obtaining or securing saw-logs, spars, piles * * * shall have a lien upon the same for the work or labor done * * * whether such work, labor or services was done, rendered or performed at the instance of the owner of the same or his agent."

The contract of sale of the timber authorized the grantee to enter upon the land and cut and remove the timber. By this provision the owner of the land created, for the purpose of this lien statute, the purchaser as agent to remove the timber. This relation being established by this contract, the rights of laborers upon this timber would immediately attach under the statute, and the logs would be held for all of the services performed in the removal of the timber. The logger's lien statutes of Washington are remedial in their nature, and should be liberally construed in the instance of the person performing labor in the removal of the timber; and where, as in the instant case, the removal of the timber was contemplated by all of the parties and the labor necessary to such removal, it is not necessary to discuss any of the other matters which were suggested upon the argument.

I think the decision of the referee was right, and should be affirmed.